12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. PICKERING, Plaintiff-Appellee,
v.
STATE of TENNESSEE DEPARTMENT OF TRANSPORTATION; et al.,
Defendants-Appellants.
 No. 93-5005.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1993.
 
 Before: NORRIS and SILER, Circuit Judges; OAKES, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Defendants appeal from the portion of the district court's November 25, 1992 order that denied to Diane Thorne, Dennis Ferguson, and Lewis J. Turpin the affirmative defense of qualified immunity.
 
 
 2
 According to plaintiff's amended complaint, his claim was grounded upon 42 U.S.C. Secs. 1983 and 1985, and the Fourteenth Amendment to the United States Constitution. Plaintiff recited that he was an employee of the Tennessee Department of Transportation (TDOT), Ferguson was a State Representative, Turpin was a fellow-TDOT employee, and Thorne was Assistant Commissioner of TDOT.
 
 
 3
 The complaint alleged that plaintiff sought promotion to an open position in TDOT for which he was qualified. Nonetheless, the opening was awarded to Turpin, because he assisted in Ferguson's campaign in exchange for help in obtaining the promotion. To that end, Ferguson telephoned Thorne and enlisted her support. Although she did not have authority to make the hiring decision, Thorne contacted Donald Layne,[1] the official who did have the authority, and conveyed Ferguson's wishes. The complaint also alleged that Ferguson spoke directly to Layne on Turpin's behalf.
 
 
 4
 This conduct, according to plaintiff, deprived him of his Fourteenth Amendment right to the equal protection of the laws. Plaintiff also alleged that his First Amendment right to free speech was violated when TDOT retaliated against him for telling his story to representatives of the media. His prayer for relief against Turpin was based upon the existence of a conspiracy. Finally, he alleged that he had been deprived of a "statutorily protected right to be evaluated on the basis of merit, with due credit for his veteran's status" for the civil service position awarded to Turpin, and that this deprivation violated the Fourteenth Amendment and 42 U.S.C. Sec. 1983.
 
 
 5
 Defendants filed a motion to dismiss, contending that plaintiff failed to state a claim upon which relief could be granted, and that the individually named defendants were entitled to qualified immunity.
 
 
 6
 The district court dismissed the Sec. 1983 equal protection and free speech claims, and the Sec. 1985 claim:
 
 
 7
 With regard to the claim under 42 U.S.C. Sec. 1983, the defendants argue correctly that not every violation of a state or federal statue [sic] creates enforceable rights which can be remedied under Sec. 1983. Moreover the Supreme Court has made it clear that federal courts are not to be used to force state entities to comply with state laws. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).
 
 
 8
 Mr. Pickering's Sec. 1983 claims arise under the equal protection clause of the fourteenth amendment and the right to speak out on matters of public concern protected by the first amendment. The defendants point out that the complaint fails to state an equal protection claim because it does not allege that Mr. Pickering is part of an identifiable group, or protected class and does not allege that he failed to get the promotion he sought because of some invidiously discriminatory, class-based animus. And, in regard to his first amendment claim, it is clear that the job was awarded to Turpin, rather than to him, before he chose to speak out publicly about this possible political hiring. The complaint does not allege that he was discharged, demoted, or retaliated against as a result of his public speech--only that the defendants refused to act to correct the situation after he made his challenge.
 
 
 9
 ....
 
 
 10
 In support of his equal protection and Sec. 1985 claims, Mr. Pickering suggests that he is a member of a protected class--the class of persons entitled to protection under civil service laws from those who would abuse the political process. The Court does not see this case as one alleging a conspiracy against an identifiable group requiring protection against invidious discrimination. Accordingly, the equal protection and Sec. 1985 claims will be dismissed.
 
 
 11
 In support of his first amendment claim, Mr. Pickering alleges that defendant Thorne was considering correcting the situation by removing Turpin while he was still a probationary employee, but that, when she learned that he had been talking to the press, she changed her mind because she did not want the position to go to him. He argues that, in effect, this was a retaliation against him for having exercised his first amendment right to speak out on an issue of public concern (patronage hiring). A defendant's failure to act in response to Mr. Pickering's public speech does not constitute retaliation and does not make this a free speech lawsuit.
 
 
 12
 In view of the language used by plaintiff in his amended complaint, one might conclude that these dismissals would end the law suit. However, the court went on to say that defendants were not entitled to qualified immunity, since
 
 
 13
 Mr. Pickering has alleged that Turpin, Ferguson and Thorne, acting in concert, subverted the civil service hiring procedures to procure a low-level state position for Turpin in exchange for political favors. This is a patronage hiring which violates the first amendment's protection of political association. See Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729 (1990). The lawsuit will proceed on this basis.
 
 
 14
 Because this charges actions which violate clearly established constitutional rights, none of the individual defendants is entitled to good faith immunity.
 
 
 15
 What the district court referred to as a cause of action for violation of "the first amendment's protection of political association" is a claim founded upon the Supreme Court's opinion in Elrod v. Burns, 427 U.S. 347 (1976). According to Elrod and its progeny, promotions based upon political affiliation violate the First Amendment right to association with others for the common advancement of political beliefs and ideas. Id. at 357. Having read the rambling seventy-three paragraph amended complaint, we can understand why defendants' motion to dismiss was not directed at a First Amendment freedom of association claim, since it is difficult to say that the complaint makes such a claim. Freedom of association is never mentioned. The omission of Layne as a defendant indicates that plaintiff never intended to include a claim that these three defendants violated his First Amendment right to freedom of association. Nevertheless, we are not prepared to say that the district court abused its discretion in parsing the language of the complaint, and the trial court's view of the complaint's language is relevant to this appeal only insofar as it bears on the denial of qualified immunity.
 
 
 16
 However, we must vacate the ruling on qualified immunity as premature for several reasons. First, the amended complaint did not place defendants on notice that they were being charged with violating plaintiff's right to freedom of association; that claim was pleaded for plaintiff by the trial court sua sponte. Defendants should have the opportunity to argue that the complaint failed to state a claim against them in that regard.
 
 
 17
 Second, and for much the same reason, the holding that none of the three defendants was entitled to qualified immunity was premature. If the complaint alleges only that Ferguson and Thorne sought to influence Turpin's promotion by recommending him to Layne, then they are entitled to qualified immunity because there is no clearly established law that vouching for political friends offends the First Amendment. Furthermore, while the allegations about Turpin's role may have been appropriate in the context of a Sec. 1985 conspiracy claim, that claim was dismissed. It is not clear what role his conduct would occupy in a well-pleaded freedom of association claim.
 
 
 18
 Accordingly, we vacate that portion of the order that denied defendants' qualified immunity, and remand this cause to the district court for further development of the record as will permit the question of qualified immunity to be revisited.
 
 
 
 *
 The Honorable James L. Oakes, Senior United States Judge for the Second Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Layne was not named as a defendant