61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Edward PICKERING, Plaintiff-Appellee,
v.
STATE OF TENNESSEE, DEPARTMENT OF TRANSPORTATION, et al.,
Defendants-Appellants.
 No. 94-5414.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1995.
 
 On Appeal from the United States District Court, for the Eastern District of Tennessee, No. 92-00563; Thomas Gray Hull, District Judge.
 E.D.Tenn.
 REVERSED.
 Before: JONES, NORRIS and SILER, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 This case, which is before us for the second time, involves allegations of impermissible political patronage promotion within the Tennessee Department of Transportation. According to plaintiff's second amended complaint, defendants acted in concert to deprive him of his First Amendment right to freedom of association by intervening on behalf of a rival candidate for a promotion. He alleges that the successful candidate assisted in defendant Dennis Ferguson's campaign for the state legislature.
 
 
 2
 Defendants filed a motion to dismiss the second amended complaint for failure to state a claim and, alternatively, on the basis of qualified immunity. The district court denied this request.
 
 
 3
 Our previous encounter with this case also concerned a motion to dismiss and the assertion of qualified immunity. Pickering v. Tenn. Dep't of Transp. ("Pickering I"), No. 93-5005, 1993 WL 494129 (6th Cir. Nov. 29, 1993). Because we found the amended complaint to be inartfully drawn, we vacated the district court's denial of qualified immunity as premature and remanded for further development of the record.
 
 
 4
 A denial of a motion to dismiss for failure to state a claim does not constitute a final appealable order. However, the case is properly before us on interlocutory appeal of a qualified immunity determination and, under the posture of this case, in order to review the propriety of the district court's denial of qualified immunity, we must determine whether plaintiff stated a valid claim under 42 U.S.C. Sec. 1983. Black v. Parke, 4 F.3d 442, 445 (6th Cir.1993) (citing Carlson v. Conklin, 813 F.2d 769 (6th Cir.1987)). After reviewing the second amended complaint, we conclude that it remains deficient because it fails to include the factual allegations necessary to support an actionable claim under the First Amendment.
 
 
 5
 The Supreme Court has held that "promotions, transfers, and recalls after layoffs based on political affiliation or support are an impermissible infringement on the First Amendment rights of public employees." Rutan v. Republican Party of Illinois, 497 U.S. 62, 75 (1990). As our earlier opinion recognizes, however, we cannot locate any established law for the proposition that merely vouching for political friends runs afoul of either Rutan or the First Amendment. Pickering Id. at * 3. Something more is required. The second amended complaint does not even name the hiring official as an individual defendant. The allegations of the second amended complaint, when viewed in a light most favorable to plaintiff, merely contend that vouching may have influenced the promotion decision. Such allegations are insufficient to state a claim of impermissible political patronage practices.
 
 
 6
 The order of the district court is reversed and this cause is remanded to the district court with instructions to enter an order dismissing plaintiff's case with prejudice.